UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>            Plaintiff,<br><br>    v.<br><br>J. CASTILLO, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00075-BAM PC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br><br>(ECF No. 2) |

### I.    Background

Plaintiff Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.)

Plaintiff initiated this action on January 17, 2014. The claims at issue arise out of incidents occurring at FCI Mendota. (ECF No. 1.)

On January 17, 2014, Plaintiff also filed the instant motion seeking an emergency temporary restraining order. (ECF Nos. 1, 2.) However, Plaintiff failed to submit an application to proceed in forma pauperis or to pay the requisite filing fee for this action. Accordingly, on January 22, 2014, the Court issued an order requiring Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee. (ECF No. 4.) In compliance with the Court's order, Plaintiff filed an application to

1  proceed in forma pauperis on January 31, 2014.  (ECF No. 6.)  The Court granted the motion to
2  proceed in forma pauperis on February 24, 2014.  (ECF No. 10.)

3        In the period between the filing of his in forma pauperis application and the Court's order
4  granting the application, Plaintiff filed a notice regarding his motion for temporary restraining order
5  on February 2, 2014.  (ECF No. 7.)  On February 18, 2014, Plaintiff filed a request for judicial notice
6  regarding his temporary restraining order and a notice of change of address to the Federal Transfer
7  Center in Oklahoma City, Oklahoma.  (ECF No. 9.)

8        On March 3, 2014, Plaintiff filed a second notice of change of address to USP Pollock in
9  Pollock, Louisiana.  (ECF No. 11.)

10       **II.    Plaintiff's Motion for Temporary Restraining Order**

11       Plaintiff requests a temporary restraining order preventing Defendants from transferring him
12 out of California or, if he has already been transferred, ordering his transfer back to an institution
13 located in California.  (ECF No. 2, p. 2.)  Plaintiff contends that his transfer out of California is in
14 retaliation for filing grievances against FCI Mendota officials.  Plaintiff asserts that transfer to USP
15 Pollock places him in danger of being brutally attacked, exposed to severe injuries or killed by Texas
16 gang members known by Defendants.  (ECF No. 2, p. 3.)

17       Plaintiff is currently housed at USP Pollock.  As such, the Court construes Plaintiff's motion as
18 a request for an order transferring him to institution located in California.

19       "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
20 Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008)
21 (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to
22 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
23 that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20
24 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is
25 entitled to relief. Id. at 22 (citation omitted) (emphasis added).

26       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
27 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct.
28 1660, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church

and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed.R.Civ.P. 65(d) (listing persons bound by injunction).

The Court takes Plaintiff's assertions seriously, but lacks jurisdiction to issue the relief requested.  In a separate order issued concurrently, Plaintiff's complaint was dismissed with leave to amend.  Thus, at this time, Plaintiff is not entitled to any preliminary injunction because there is no case or controversy and the Court lacks jurisdiction to issue any injunctive relief.  Plaintiff's motion for injunctive relief shall be denied without prejudice to refiling.  However, Plaintiff is cautioned that the Federal Bureau of Prisons is not a party to this action and the Court lacks jurisdiction to issue or enforce an injunction against a non-party.  In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir. 1996).

### III.     Conclusion and Order

For the reasons stated, Plaintiff's motion for temporary restraining order, filed on January 17, 2014, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 15, 2014**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE