UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CASTILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00075-BAM PC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND RENEWAL MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br><br>(ECF Nos. 2, 19) |

**I.     Background**

Plaintiff Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.)

Plaintiff initiated this action on January 17, 2014, and filed a motion seeking an emergency temporary restraining order. (ECF Nos. 1, 2.) This action concerns alleged events occurring at FCI Mendota.

On April 14, 2014, Plaintiff filed a motion to amend his complaint and lodged his proposed first amended complaint. (ECF Nos. 12, 13.) Plaintiff's motion to amend was not entered on the Court's docket until April 15, 2014.

1  On April 15, 2014, the Court also screened Plaintiff's original complaint and identified certain legal and pleading deficiencies. The Court dismissed Plaintiff's complaint and granted him leave to amend within thirty days. (ECF No. 16.) Based on the dismissal of Plaintiff's complaint, the Court also denied Plaintiff's motion for temporary restraining order without prejudice because there was no longer a case or controversy pending before the Court. (ECF No. 15.)

On April 17, 2014, the Court granted Plaintiff's motion to amend the complaint and directed the Clerk of the Court to filed Plaintiff's lodged first amended complaint. The Court also vacated its screening order dismissing the complaint with leave to amend and vacated its order denying Plaintiff's motion for a temporary restraining order. (ECF No. 17.)

On April 17, 2014, Plaintiff renewed his motion for temporary restraining order. (ECF No. 19.)

On April 24, 2014, Plaintiff filed a motion to strike the amended complaint and lodged a second first amended complaint. (ECF Nos. 20, 21.)

On May 15, 2014, the Court granted Plaintiff's motion to strike and directed the Clerk of the Court to file Plaintiff's first amended complaint, which was lodged on May 5, 2014. (ECF No. 22.)

On November 26, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. (ECF No. 24.)

Currently pending before the Court is Plaintiff's motion for temporary restraining order and Plaintiff's renewal motion for temporary restraining order. (ECF Nos. 2, 19.)

**II.     Plaintiff's Motions for Temporary Restraining Order**

Plaintiff is currently housed at the USP Pollock in Pollack, Louisiana. Plaintiff requests a temporary restraining order requiring Defendants Castillo and Gill to arrange for an immediate transfer of Plaintiff back to an institution within California. (ECF No. 19.) Plaintiff contends that his transfer out of California was done in retaliation for filing grievances against FCI Mendota officials. Plaintiff asserts that transfer to USP Pollock places him in danger of being brutally attacked, exposed to severe injuries or killed by Texas gang members known by Defendants. (ECF No. 2, p. 3.) Plaintiff also contends that he is suffering from an inability to see his family members in California. (ECF No. 19, pp. 2-4.)

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration and Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir.1983); see Fed.R.Civ.P. 65(d) (listing persons bound by injunction).

The Court takes Plaintiff's assertions seriously, but lacks jurisdiction to issue the relief requested. On November 26, 2014, Plaintiff's first amended complaint was dismissed with leave to amend. As such, Plaintiff is not entitled to any preliminary injunction because there is no case or controversy and the Court lacks jurisdiction to issue any injunctive relief. Plaintiff's motion for injunctive relief shall be denied without prejudice to refiling.

Plaintiff is cautioned that the Federal Bureau of Prisons is not a party to this action and that a <u>Bivens</u> action cannot be maintained against the Federal Bureau of Prisons as a federal agency. <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Plaintiff is further cautioned that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison

3

within a State, [and] he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for temporary restraining order and his renewal motion for temporary restraining order are HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 1, 2014**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

4