UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO, | ) Case No.: 1:14-cv-00075-BAM PC |
| Plaintiff, | ) ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION |
| v. | ) (ECF No. 28) |
| J. CASTILLO, et al., | ) |
| Defendants. | ) |

Plaintiff Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. On November 26, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 22.) On June 11, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend. (ECF No. 27.)

On June 26, 2015, Plaintiff filed the instant motion seeking to withdraw his consent to Magistrate Judge jurisdiction. Plaintiff alleges in his motion that he only consented to Magistrate Judge jurisdiction on the advice of a fellow inmate to purportedly speed up the process. Plaintiff contends that the process has not been expedited and that the Magistrate Judge's screening orders appear to be biased because he does not agree with them. Plaintiff now requests that this action be assigned to a district judge. (ECF No. 28.)

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference . . . ." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (no absolute right in civil case to withdraw consent to magistrate judge). Following written consent, the reference to a Magistrate Judge will not be vacated where the party fails to demonstrate extraordinary circumstances and the Court does not sua sponte find good cause for withdrawal of consent. Id.

Here, Plaintiff's disagreement with the pace of this action and the Court's screening orders provides no basis for the withdrawal of his earlier consent. Further, nowhere in his motion does Plaintiff demonstrate that he was unable to make decisions for himself regarding consent. Indeed, Plaintiff indicates that he has filed other civil actions in which he has not consented. The Court finds that Plaintiff has failed to demonstrate extraordinary circumstances and has failed to establish good cause to withdraw his consent. Dixon, 990 F.2d at 480.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to withdraw his consent to the Magistrate Judge is denied.

IT IS SO ORDERED.

Dated:   **June 29, 2015**          /s/ *Barbara A. McAuliffe*  
                                                         UNITED STATES MAGISTRATE JUDGE