# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>  Plaintiff,<br><br>  v.<br><br>CASTILLO, et al.,<br><br>  Defendants. | Case No. 1:14-cv-00075-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL<br><br>(ECF No. 37) |

Plaintiff Jose Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This action proceeds on Plaintiff's third amended complaint against Defendant Fajardo for retaliation in violation of the First Amendment, arising out of the blocking of phone numbers, interference with typewriter access, and false accusations regarding possession of a cell phone and related strip searches. (ECF No. 36.) Plaintiff filed a consent to Magistrate Judge jurisdiction on January 31, 2014. (ECF No. 5.)

On April 13, 2017, the Court issued a screening order finding service of the third amended complaint appropriate as to Defendant Fajardo, and dismissing all other claims and defendants without prejudice for failure to comply with joinder requirements under Federal Rules of Civil Procedure 18(a), 20(a)(2). (ECF No. 36.) On April 26, 2017, Plaintiff filed the instant motion for reconsideration and/or motion for certification for interlocutory appeal pursuant to 28 U.S.C.

§ 1292(b) of the Court's April 13, 2017 screening order dismissing certain claims and defendants. (ECF No. 37.)

**I.  Plaintiff's Motion for Reconsideration**

    **a. Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

    **b. Discussion**

Plaintiff argues that the Court erred in dismissing the other defendants and claims in his third amended complaint. Plaintiff notes that the Court found that he stated cognizable claims in his second amended complaint against Defendants DeVore, Fajardo, Dern, Pullings, Crank, and Knoll, and therefore all of those claims and defendants should be allowed to proceed in this action. Plaintiff reasserts that he has stated in great detail in each of the first, second, and third amended complaints that the defendants have colluded and conspired to retaliate against him for

1 filing a civil action against their colleagues. Plaintiff argues that "whether the named Defendants violated Plaintiff's First Amendment right to grieve a wrong" will be a question of law or fact common to all the named defendants in this action. (ECF No. 37.)

Plaintiff has not shown any error in the Court's application of Rule 20(a)(2) to the facts of this case. As noted previously, multiple parties may be joined as defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Although the Court found that Plaintiff stated cognizable claims against other named defendants in his second amended complaint, this does not mean that such claims are appropriate for joinder. Although Plaintiff asserts that each defendant acted in accordance with an overriding conspiracy, Plaintiff failed to plead sufficient factual allegations establishing the existence of an express or implied agreement among the defendants. See Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). Plaintiff may not merely assert the existence of a conspiracy to circumvent the joinder rules.

Plaintiff's contention that each claim will raise a common question of law regarding the violation of his First Amendment rights is similarly unpersuasive. The mere fact that all of a plaintiff's claims arise under the same general law does not necessarily establish a common question of law or fact. See Coughlin, 130 F.3d at 1351.

Plaintiff also fails to present a common question of fact by showing that his claims against the remaining defendants arise out of the same "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). The remaining claims present factual scenarios that differ from the claim against Defendant Fajardo arising out of the blocking of phone numbers, interference with typewriter access, and false accusations regarding possession of a cell phone

///

and related strip searches.[1] Were Plaintiff permitted to proceed against all of the named Defendants in a single action, the Court would still be required to give each claim individualized attention.

Therefore, Plaintiff has failed to set forth grounds entitling him to reconsideration of the Court's order dismissing certain claims and defendants from this action.

## II.     Plaintiff's Motion for Certification of Interlocutory Appeal

### a. Legal Standard

An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004) (citation omitted).

"An issue is 'controlling' if its resolution could materially affect the outcome of the litigation." Simmons v. Akanno, No. 1:09-cv-00659-GBC (PC), 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011) (citing In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)). In addition, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." McFarlin v. Conesco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied

---

[1] For example, Plaintiff asserts claims against Defendants Khem and Duchand arising out of confiscation of his postage stamps and related disciplinary action, against Defendant Dern related to his grievances and family visits, against Defendant Gramm for false accusations and placement in the SHU, and against Defendant Castillo for Plaintiff's transfer. (ECF No. 31.)

4

settled law to the facts[.]" Id.

### b. Discussion

Plaintiff seeks review of the Court's application of the rules of joinder to the factual allegations in his third amended complaint. This is the antithesis of a proper interlocutory appeal because this issue for appeal turns on whether the Court properly applied well-settled rules of joinder to his factual allegations. Id.

Plaintiff has not demonstrated that there is a controlling legal question at stake relative to the rules of joinder. Therefore, an interlocutory appeal of the Court's screening order will not facilitate disposition of the action or materially advance the ultimate termination of this action by securing a final decision on a controlling legal issue. Instead, it will further delay resolution of this action and result in unnecessary trouble and expense. Id. (noting that § 1292(b) requirement of a controlling question of law "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.")

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff's motion for certification of interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated: **May 2, 2017**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

5