## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>        Plaintiff,<br><br>   v.<br><br>FAJARDO,<br><br>        Defendant. | Case No. 1:14-cv-00075-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jose Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Defendant Fajardo has also consented to Magistrate Judge jurisdiction. (ECF No. 51.)

On April 13, 2017, the Court screened Plaintiff's third amended complaint and found that he stated a cognizable claim against Defendant Fajardo for retaliation in violation of the First Amendment, arising out of the blocking of phone numbers, interference with typewriter access, and false accusations regarding possession of a cell phone and related strip searches. The Court dismissed all other claims and defendants from this action without prejudice, but without leave to amend in this action. (ECF No. 36.) This case has proceeded on Plaintiff's retaliation claim

against Defendant Fajardo.

**I.    Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the third amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Defendant Fajardo consented to Magistrate Judge jurisdiction once he was served and appeared in this action. (ECF No. 51.) Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.

**II.    Findings and Recommendations on Third Amended Complaint**

    **A.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.    Plaintiff's Allegations**

Plaintiff currently is housed at the Lompoc United States Penitentiary in Lompoc, California. The events alleged in his third amended complaint occurred while Plaintiff was housed at FCI Mendota in Mendota, California. Plaintiff asserts more than twenty claims against sixteen different defendants based on events occurring in 2012 and 2013.

**C.    Discussion**

**1.    Improper Joinder of Unrelated Claims**

Plaintiff initiated this action on January 17, 2014. (ECF No. 1.) On April 15, 2014, the Court screened Plaintiff's original complaint, and notified him that his complaint failed to comply with the relevant joinder requirements. The Court directed Plaintiff to choose which claims he

3

wished to pursue in this action, and was warned that if he failed to do so, and any amended complaint set forth unrelated claims which violated joinder rules, then the Court would dismiss the improperly joined claims.[1]  (ECF No. 16, p. 8).

Plaintiff's first amended complaint was filed on May 5, 2014.  (ECF No. 23.)  On November 26, 2014, the Court screened the first amended complaint, and notified Plaintiff that his first amended complaint failed to comply with the relevant joinder requirements.  The Court informed Plaintiff that if he elected to amend his complaint, then he must choose which claims he wished to pursue in this action.  Plaintiff was warned that if he failed to do so, and his amended complaint set forth unrelated claims which violated joinder rules, then the Court would dismiss the claims it found to be improperly joined.  (ECF No. 24, pp. 12, 13–14.)

Plaintiff filed a second amended complaint on December 19, 2014.  (ECF No. 26.)  On June 11, 2015, the Court screened the second amended complaint, and again notified Plaintiff that his amended complaint failed to comply with the relevant joinder requirements.  The Court granted Plaintiff leave to amend, but warned him that if his amended complaint failed to comply with the Court's directive regarding joinder, then the Court would dismiss the improperly joined claims.  (ECF No. 27, p. 12.)

Plaintiff filed his third amended complaint on July 9, 2015.  (ECF No. 31.)  Despite repeated warnings, Plaintiff's amended complaint fails to comply with the Court's directive regarding joinder of claims, and he continues to bring unrelated claims against unrelated parties in this action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Multiple parties may be joined as defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have

---

[1] Although served on Plaintiff, this order was later vacated because Plaintiff contemporaneously requested and was granted leave to amend.  (ECF No. 17.)

4

common issues of law or fact.  Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.1997).  Mere proximity in time of certain events are not enough to satisfy Rule 20(a)(2).

Here, Plaintiff's first claim in this action, as discussed below, arises from alleged incidents in March and May 2012, in which Defendant Fajardo allegedly violated Plaintiff's rights by ordering that his family phone numbers be blocked and that he be precluded from using a typewriter in the law library, and by falsely accusing Plaintiff of having a cell phone and ordering a related search of Plaintiff's person and cell, all in retaliation for Plaintiff's filing of a civil action and grievances.  Plaintiff's claims against the nineteen remaining defendants do not arise out of the same transactions or occurrences involving Defendant Fajardo.  This includes Plaintiff's claims against Defendants Khem and Duchand arising out of confiscation of his postage stamps and related disciplinary action, against Defendant Dern related to his grievances and family visits, against Defendant Gramm for false accusations and placement in the SHU, and against Defendant Castillo for Plaintiff's transfer.  Fed. R. Civ. P. 20(a)(2); Coughlin, 130 F.3d at 1351; Desert Empire Bank v. Ins. Co. of N. Amer., 623 F.2d 1371, 1375 (9th Cir. 1980).

Plaintiff also may not attempt to circumvent the joinder issue merely by alleging that defendants at the same institution are part of an overriding conspiracy.  An actionable Bivens conspiracy claim requires (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.  Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991).  Plaintiff has not set forth sufficient factual allegations to establish the existence of an express or implied agreement among the defendants.

Accordingly, the Court finds that this action should be limited to Plaintiff's claim against Defendant Fajardo, and Plaintiff's claims against the remaining defendants should be dismissed from this action without prejudice, but without leave to amend in this action.  The Court will not expend its already taxed resources in reviewing the improperly joined claims, many of which have been addressed in prior screening orders.  See, e.g., ECF Nos. 24, 27.

///

///

**2. Claim Against Defendant Fajardo**

**a. Summary of Allegations**

Plaintiff alleges that he has been a federal prisoner serving a life sentence for a non-violent offense since 1995. On February 1, 2012, he was transferred from FCI Victorville to FCI Mendota for having "clear conduct" and to be near his family. Soon after his arrival at FCI Mendota, Defendant Fajardo and prison staff became aware of a pending civil rights action filed by Plaintiff against Bureau of Prison staff members, and they began retaliating against him in different ways in violation of his First Amendment rights.

On March 11, 2012, Defendant Fajardo directed SIS Bragan in writing to block Plaintiff's family phone numbers, which remain blocked.

On May 4, 2012, the head of the Education Department, Ms. Carrasco, confronted Plaintiff in her office. Ms. Carrasco told Plaintiff that Defendant Fajardo directed her to preclude Plaintiff from using the typewriter inside the inmate Electronic Law Library in front of the computer monitor due to a May 1, 2012 grievance Plaintiff had filed and his civil action.

After Plaintiff's family obtained new phone numbers, on May 14, 2012, Defendant Fajardo directed SIS Agent Bragan, in a written document, to block the new phone numbers of Plaintiff's family members in what appeared to be a reprisal for Plaintiff's May 1, 2012 grievance.

In addition, on May 22, 2012, Defendant Fajardo directed SIS Agent Bragan, two lieutenants and various other correctional officers to search Plaintiff's cell, falsely accusing him of having a cell phone. Plaintiff was strip searched and locked in the showers for over an hour while officers searched his cell. No cell phone existed.

**b. First Amendment Retaliation Claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Plaintiff has stated a cognizable retaliation claim against Defendant Fajardo arising out of the blocking of phone numbers, interference with typewriter access, and false accusations regarding possession of a cell phone and related strip and cell searches.

### III. Conclusion and Order

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation claim against Defendant Fajardo arising out of the blocking of phone numbers, interference with typewriter access, and the allegedly false accusation regarding possession of a cell phone and related body and cell searches; and

2. All other claims and defendants be DISMISSED from this action without prejudice, but without leave to amend in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

7

1 Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file
2 objections within the specified time may result in the waiver of the "right to challenge the
3 magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir.
4 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **November 30, 2017**            /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE