# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>          Plaintiff,<br><br>    v.<br><br>FAJARDO,<br><br>          Defendant. | Case No. 1:14-cv-00075-DAD-BAM (PC)<br><br>ORDER VACATING PREVIOUS FINDINGS AND RECOMMENDATIONS (ECF No. 60)<br><br>**AMENDED** FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Relevant Procedural Background**

Plaintiff Jose Luis Buenrostro ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff and Defendant Fajardo have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 51.)

On April 13, 2017, the Court screened Plaintiff's third amended complaint and found that he stated a cognizable claim against Defendant Fajardo for retaliation in violation of the First Amendment, arising out of the blocking of phone numbers, interference with typewriter access, and false accusations regarding possession of a cell phone and related strip searches. The Court dismissed all other claims and defendants from this action without prejudice, but without leave to amend in this action. (ECF No. 36.) This case has proceeded on Plaintiff's retaliation claim

against Defendant Fajardo.

On November 30, 2017, the Court issued Findings and Recommendations recommending dismissal of certain claims and defendants from this action. (ECF No. 60.) After further review, the Court VACATES its previous Findings and Recommendations and issues the following Amended Findings and Recommendations.

## II. Williams v. King

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, all named defendants were not yet served at the time that the Court screened the third amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. In light of Williams, the Court will proceed to re-screen Plaintiff's third amended complaint.

## III. Findings and Recommendations on Third Amended Complaint

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.      Bivens Actions Following Ziglar v. Abbasi**

The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted). Ziglar sets forth a two-part test to determine whether a Bivens claim may proceed. A district court must first consider whether the claim presents a new context from previously established Bivens remedies. If so, it must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens absent affirmative action by Congress.

Id. at 1857, 1875.

"If [a] case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court], the context is new." Id. at 1859. Ziglar provides several examples of differences meaningful enough to make a given context a new one, including "the constitutional right at issue." Id. at 1860. To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause).

If the claim presents a new context in Bivens, the court must consider whether there are special factors counseling against extension of Bivens into this area. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Ziglar, 137 S.Ct. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

### C. Plaintiff's Allegations

Plaintiff currently is housed at the Lompoc United States Penitentiary in Lompoc, California. The events alleged in his third amended complaint occurred while Plaintiff was housed at FCI Mendota in Mendota, California. Though Plaintiff asserts more than twenty claims against sixteen different defendants based on events occurring in 2012 and 2013, Plaintiff alleges only two types of claims: due process claims in violation of the Fifth Amendment and claims of retaliation in violation of the First Amendment. Plaintiff seeks compensatory and punitive damages.

///

///

**D.      Discussion**

Here, Plaintiff seeks to extend a Bivens remedy for violations of the Fifth Amendment Due Process Clause and of the First Amendment through retaliation.  As noted above, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments.  Ziglar, 137 S.Ct. at 1860 (Supreme Court has approved three Bivens claims in the past: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.") (internal citations omitted).

The Supreme Court has never recognized a Bivens remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process.  Similarly, the Supreme Court has never implied a Bivens action under any clause of the First Amendment.[1] See Reichie v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.").  As both Plaintiff's Fifth and First Amendment claims clearly present a new context in Bivens, this requires the consideration of any special factors counseling against extension of Bivens into this area, including whether there is any alternative, existing process for protecting Plaintiff's interests.

As discussed in Ziglar, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action."  Ziglar, 137 S.Ct. at 1865.  It is clear that Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process, the filing of a writ of habeas corpus, and injunctive relief.

Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation."  Id.  As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court.  So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the

---

[1] While the Ninth Circuit previously has authorized Bivens claims based on the First Amendment, see Gibson v. United States, 781 F.2d 1334 (9th Cir. 1986), Ziglar states that the proper test involves a consideration of Bivens cases decided by the Supreme Court, not by the Courts of Appeals.  Ziglar, 137 S.Ct. at 1859.  Ninth Circuit decisions are therefore not controlling.

proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to <u>Bivens</u> suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the <u>Carlson</u> damages remedy to cases involving other types of prisoner mistreatment.

<u>Id.</u> (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new <u>Bivens</u> claim.

For the foregoing reasons, the Court finds that special factors counsel hesitation in this context, and declines to find an implied <u>Bivens</u> cause of action for Fifth Amendment due process or for First Amendment retaliation. These deficiencies are not subject to cure, and no leave to amend should be granted.

**IV.    Conclusion and Order**

Accordingly, the Court HEREBY VACATES the Findings and Recommendations issued on November 30, 2017, (ECF No. 60).

Furthermore, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2017**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE