UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>  Plaintiff,<br><br> v.<br><br> FAJARDO,<br><br>  Defendant. | No. 1:14-cv-00075-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING CLERK OF COURT TO PROCESS PLAINTIFF'S NOTICE OF APPEAL<br><br>(Doc. No. 66) |

Plaintiff Jose Luis Buenrostro, a federal prisoner, proceeded *pro se* and *in forma pauperis* in this action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This action proceeded on plaintiff's third amended complaint against defendant Fajardo for retaliation in violation of the First Amendment of the United States Constitution.

On December 5, 2017, the assigned magistrate judge re-screened plaintiff's third amended complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as plaintiff did here. (Doc. No. 62.) Concurrently, the magistrate judge issued amended findings and recommendations analyzing plaintiff's claims according to the new two-

1

part test articulated in the Supreme Court's recent decision in *Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843 (2017), and recommending that the entire action be dismissed, with prejudice, for failure to state a claim. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations. Plaintiff timely filed objections to the findings and recommendations on December 22, 2017. (Doc. No. 63.) No other objections were filed.

Thereafter, on January 30, 2018, the undersigned adopted the findings and recommendations in full and dismissed this action, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 64.) Judgment was entered the same date. (Doc. No. 65.)

On February 15, 2018, plaintiff filed the instant motion seeking reconsideration of the order dismissing this action and the entry of judgment. (Doc. No. 66.) A motion for reconsideration, such as that filed by plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e). Plaintiff filed his motion 16 days after entry of judgment.

Relief pursuant to Rule 59(e) is appropriate when the district court is presented with newly discovered evidence, the district court committed clear error, a change in controlling law intervenes, or there are highly unusual circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986).

Here, plaintiff argues only that the court erred in finding that the Supreme Court's decision in *Ziglar*, which dealt with challenges to the conditions of confinement imposed on illegal aliens, barred plaintiff from raising claims related to violations of the constitutional rights of U.S. citizens. Plaintiff requests that the court permit him to proceed with his claims as alleged, or allow him to amend his third amended complaint. In the alternative, plaintiff states that his motion should be converted into a notice of appeal. (Doc. No. 66 at 2.)

/////

The court has considered plaintiff's moving papers, but does not find that they support the granting of relief under Rule 59(e). Plaintiff's motion contains no showing of newly-discovered evidence, clear error by the court, an intervening change in controlling law, or other, highly unusual circumstances warranting reconsideration by the court of its order dismissing this action. Plaintiff's motion for reconsideration will thus be denied.

As requested by plaintiff, the court will construe plaintiff's motion as a notice of appeal. *See Jones v. Solano Cty. Sheriff's Dep't*, No. CIV S-07-1937 MCE JFM P, 2008 WL 2276291, at *2 (E.D. Cal. May 30, 2008) (construing plaintiff's motion to reopen the time to file an appeal as a notice of appeal); *Demos v. Washington*, No. 08-00031 SOM-KSC, 2008 WL 234217, at *1 (D. Haw. Jan. 29, 2008) (denying plaintiff's motion for reconsideration and directing clerk of court to process motion as notice of appeal).

Accordingly, it is hereby ordered that:

1. Plaintiff's motion for reconsideration (Doc. No. 66) is denied;
2. Plaintiff's motion for reconsideration is construed as a notice of appeal; and
3. The Clerk of the Court is directed to process plaintiff's motion as a notice of appeal and to send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: **March 21, 2018**

UNITED STATES DISTRICT JUDGE